## White v. American Hotel Realty Corporation et al.

*Ernest F. Ritter*, for plaintiff.

*Butz, Steckel, Hudders & Rupp*, for defendant American Hotel Realty Corp.

*William B. Butz* and *George H. Sacks*, for defendant Central Motoramp Garage.

HENNINGER, P. J., June 5, 1951.—Plaintiff sued defendants in trespass, alleging that, as a guest at American Hotel's Americus Hotel, he surrendered his Nash sedan to the hotel for storage in Central Motoramp's Garage and received a claim check therefor, that next day the car was delivered to him damaged to the extent of $806. In the original complaint Central Motoramp was described as "Hotel Garage". To this complaint American Hotel filed an answer on the merits but denying knowledge of "Hotel Garage". Plaintiff thereupon filed an amended complaint properly naming Central Motoramp Garage Co. To this complaint defendant filed preliminary objections to the effect: (1) That no copy of the claim check was attached, and (2) asking for a more specific statement. Meanwhile, American Hotel has joined one Kenneth Stein as an additional defendant and has attached the amended complaint to its own complaint against him.

It is true that under Pa. R. C. P. 2252, as amended, it is no longer necessary to file an answer before joining an additional defendant and, therefore, the joinder of Stein does not of itself bar American Hotel from filing preliminary objections.

We are of the opinion, however, that American Hotel's failure to raise the questions now raised when it answered the original complaint precludes it from raising them now. Pennsylvania Rule of Civil Procedure 1028(b) provides:

"All preliminary objections shall be raised at one time. They may be inconsistent. Two or more preliminary objections may be raised in one pleading."

It would violate the spirit of that rule, although an amended complaint has been filed, for American Hotel to raise questions now which it could have raised in relation to the original complaint, especially since the amended complaint is identical with the original ex-

cepting for the proper designation of the garage concerned.

This case is to be distinguished from Mooney v. MacLellan, Inc., et al., 23 Lehigh 385, and Gabel v. Frantz, 24 Lehigh 117, in both of which cases we permitted preliminary objections to be filed to original and to amended pleadings. In both cases it is pointed out that the amended pleading evoked the additional objections. That is not the case here, for the amended complaint is identical with the original on all points raised.

Now, June 5, 1951, defendant American Hotel Realty Corporation's preliminary objections are dismissed and defendant may, if it sees fit, file an amended answer within 20 days to the new allegations in the amended complaint; otherwise its present answer shall be considered its answer to the amended complaint.